# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL T. BULL, | CASE NO. 1:06-cv-01905-LJO-WMW PC |
| Plaintiff, | FINDING AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| WARDEN KEN CLARK, et al. | (Doc. 1) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.     FINDINGS**

   **A.     Procedural History**

Emmanuel T. Bull ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 29, 2006. (Doc. 1.)

   **B.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1

1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**C.     Plaintiff's Complaint**

Plaintiff is currently a state prisoner at Calipatria State Prison ("CAL") in Calipatria, California.  Plaintiff was formerly imprisoned at California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California, where the acts he complains of occurred. Plaintiff names defendants: SATF Warden Ken Clark; SATF Associate Warden T.P. Wan; SATF Chief Deputy Warden J. Hutchinson; and Board Commissioners Archie J. Biggers and Ramon Estrada.  Plaintiff seeks declaratory relief (finding that his rights were violated) and monetary damages.

Plaintiff complains that, via parole proceedings, the defendants violated his rights to due process, denying him a full and fair parole hearing (to present exculpatory evidence to release him from prison) which caused his continued unlawful confinement, deprived him of being released from prison, being given a parole release date, being given yearly parole hearings, and which caused him to be confined in prison past his minimum and maximum parole release dates. (Doc. 1, pp. 4-8.)

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an

allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

The Supreme Court has reviewed Preiser, Heck, and their progeny and explained that, ". . . a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser, 411 U.S. at 485; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Plaintiff challenges parole proceedings as violating his due process rights so as to cause his continued unlawful confinement, depriving him of being released from prison, being given a parole release date, being given yearly parole hearings, and causing him to be confined in prison past his minimum and maximum parole release dates

Plaintiff may not pursue the instant damages action. If Plaintiff wishes to challenge his conviction and/or custody duration, he must do so via a petition for writ of habeas corpus.

## II. **RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint, filed on December 29, 2006 be dismissed, without prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these findings and recommendations, Plaintiff may file

3

written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 30, 2009**                                  <u>     /s/  **William M. Wunderlich**     </u>
                                                                                  UNITED STATES MAGISTRATE JUDGE